# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 08-CR-0051-012-CVE |
| JOSE LUIS SAENZ, ) | (15-CV-0508-CVE) |
| aka "Ismael Saenz," ) | USM Number: 16689-280 |
| aka "Ismael Sianez," ) | |
| aka "Guiyo Saenz," ) | |
| aka "Willo," ) | |
| aka "Weeyo," ) | |
| aka "Will," ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 692). Defendant, citing various collateral consequences of his sentence, requests modification of the judgment by granting a sentence departure or variance to a sentence of time served. He claims that he faces unusually harsh conditions of confinement and, upon completion of his sentence, he will be deported to a "less developed country engulfed in a drug war." Dkt. # 692, at 2.

Defendant pled guilty to one count of drug conspiracy, and he faced a statutory mandatory minimum sentence of 10 years and a possible maximum sentence of life imprisonment. A presentence investigation report was prepared, and defendant's advisory guidelines range was a sentence of imprisonment of 360 months to life imprisonment. On May 14, 2009, defendant was sentenced to a term of imprisonment of 293 months in the custody of the Bureau of Prisons.

Defendant did not file a direct appeal challenging his conviction or sentence. He has since benefitted from two reductions of his sentence, resulting in a reduced sentence of 134 months.

Defendant has filed a motion styled as a § 2255 motion (Dkt. # 692), but he does not argue that he received ineffective assistance of counsel during proceedings before this Court or that the Court made any error in calculating his sentence. Instead, he argues that his sentence should be reduced to time served based on unusually harsh conditions of confinement, his voluntary waiver of his right to contest removal from the United States, and his eventual deportation to a less developed foreign country. Dkt. # 692, at 1. He asks the Court to reduce his sentence under § 5K2.0(c) of the United States Sentencing Guidelines.

Although defendant cites § 2255 as the basis for his motion, he is not complaining about errors that allegedly resulted in an unfair sentence, and he is essentially seeking a reduction of his sentence based on his conditions of confinement. The motion is more properly treated as a motion for reduction of sentence based on post-sentencing events, rather than as a § 2255 motion challenging the validity of his conviction or sentence. Even if defendant's motion could be construed as a § 2255 motion, he failed to file the motion within one year of the date that his judgment of conviction became final, and his motion is untimely. 28 U.S.C. § 2255(f)(1). However, defendant is advised that the Court declines to treat his motion as a § 2255 motion, and his motion (Dkt. # 692) shall not be treated as his initial § 2255 motion.

Defendant asks the Court to reduce his sentence based on § 5K2.0(c), but the Court has entered a judgment and commitment (Dkt. # 443) and the time to amend the judgment and commitment has long since expired. The Court does not have the inherent authority to amend the judgment by reducing defendant's sentence. A district court's authority to reconsider sentencing

may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); see United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request); United States v. Blackwell, 81 F.3d 945, 947, 949 (10th Cir.1996) (holding a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so, so a district court does not have inherent power to resentence defendants at any time); 18 U.S.C. § 3582(b). See also Fed. R. Crim. P. 35(a) – Correcting or Reducing a Sentence; United States v. Green, 405 F.3d 1180 (10th Cir. 2005) (district court did not have jurisdiction to resentence defendant more than [fourteen] days after imposition of sentence).

Construing defendant's pro se motion broadly, he could be asking the Court to reduce his sentence under 18 U.S.C. § 3582(c). Under 3582(c), a defendant's sentence may be reduced at the request of the Director of the Bureau of Prisons in certain exceptional circumstances or at the request of the government under Fed. R. Crim. P. 35. The Bureau of Prisons has not moved to reduce defendant's sentence, and the government has not filed a second motion to reduce defendant's sentence under Rule 35(b). A defendant may also request a reduced sentence when the advisory guideline range for his offense has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). However, defendant does not argue that the advisory guideline range for his offense has been further reduced, and his sentence has already been reduced well below the advisory guideline range. Defendant is not entitled to relief under § 3582(c). The Court finds no statutory basis to consider defendant's request for a sentencing reduction, and the Court has no authority to grant the

relief sought by defendant. The Court lacks jurisdiction to consider defendant's motion for a reduction of his sentence, and the motion should be dismissed.

**IT IS THEREFORE ORDERED** that defendant's motion for a reduction of his sentence (Dkt. # 692) is **dismissed for lack of jurisdiction**.

**DATED** this 9th day of September, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE